822 F.2d 56
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clem PENNINGTON, Jr., Defendant-Appellant.
 No. 86-5653.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1987.
Decided June 18, 1987.
 
 Before RUSSELL and WIDENER, Circuit Judges, and KISER, United States District Judge for the Western District of Virginia, sitting by designation.
 Ronald Barbee (Walter T. Johnson, Jr., on brief), for appellant.
 John Warren Stone, Jr., Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney; Becky M. Strickland, Paralegal Specialist, on brief), for appellee.
 PER CURIAM:
 
 
 1
 The appellant, Clem Pennington, Jr., appeals his conviction under 18 U.S.C. Sec. 13. We find no error and affirm.
 
 
 2
 The facts of this case need not be recited at length. The evidence adduced at trial tended to show the following: Pennington was employed as a nursing assistant at the Veterans Administration Hospital located in Durham, North Carolina; the victim, Mrs. Vivian Vance, was a patient at the V.A. Hospital, and at the time of the offense had recently been transferred from intensive care after having her sinuses surgically drained. Pennington was seen alone with Mrs. Vance in her hospital room massaging her vaginal area with his left hand.
 
 
 3
 He was charged under 18 U.S.C. Sec. 13, which provides:
 
 
 4
 Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.
 
 
 5
 The assimilated state offense with which defendant was charged and convicted was a violation of North Carolina General Statute Sec. 14-27.5(a)(2), which provides:
 
 
 6
 (a) A person is guilty of a sexual offense in the second degree if the person engages in a sexual act with another person:
 
 
 7
 (2) Who is mentally defective, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know that the other person is mentally defective, mentally incapacitated, or physically helpless. N.C.G.S. Sec. 14-27.5(a)(2) (1981).
 
 
 8
 Of the several issues on appeal, only two merit brief discussion. Defendant assigns as error the district judge's comments regarding whether or not the offense was committed on land acquired for use by the United States. In instructing the jury on the essential elements of the crime, the district judge, after explaining the fourth element, that the offense occurred on land acquired for the use of the United States, then stated:
 
 
 9
 "I don't believe there's any dispute as to the fourth element that the Veterans Administration property was land acquired for the use of the United States. So you will concentrate on the first three elements of the offense charged."
 
 
 10
 Since jurisdiction is an essential element of this offense, defendant contends that this instruction was the equivalent of a directed verdict for the government on this issue.
 
 
 11
 Appellant did not object to this instruction at trial, however, as required by Rule 30 of the Federal Rules of Criminal Procedure, so this assignment of error must be evaluated under Rule 52(b) as plain error affecting his substantial rights. We find no such error. There was ample evidence at trial that the offense occurred at the V.A. Hospital, and that such hospital was situated on land acquired for use by the United States. Also, it was even admitted that the fourth element had been satisfied in defendant's closing argument:
 
 
 12
 "The first [sic] element is the one that this case occurred on land acquired for use by the United States of America. The defendant admits that the Veterans Administration Medical Center is on land that was purchased for its use by the United States Government, and that was proven by the introduction of the documents that were signed, among others, by the Honorable James Holshouser in 1975. So the government has carried its burden on that particular matter.
 
 
 13
 Furthermore, this court addressed a similar statement by a district judge in United States v. Teplin, 775 F.2d 1261 (4th Cir.1985), and found no error in a case in which, as here, jurisdiction was not contested.
 
 
 14
 Defendant also complains that the district court erred by refusing to charge the jury that lack of consent on the part of the victim is an essential element of the crime. While we do not doubt that proof of consent would constitute an affirmative defense under N.C.G.S. Sec. 14-27.5(a)(2), lack of consent, however, does not appear to be an essential element of the offense under this section. This is not surprising since the victim of the crime must be "mentally defective, mentally incapacitated, or physically helpless." In State v. Booher, 305 N.C. 554, 290 S.E.2d 561 (1982), the North Carolina Supreme Court stated:
 
 
 15
 Both a first and second degree sexual offense, insofar as they may be committed against an adult not physically or mentally handicapped, have as an essential element the lack of the victim's consent because they must be "committed by force and against the will" of the victim.
 
 
 16
 290 S.E.2d at 564 (emphasis added). By clear implication, then, lack of consent was not considered an essential element of the crime with which defendant was charged, for Mrs. Vance was physically or mentally handicapped and that was the basis of the prosecution.
 
 
 17
 There was no evidence of consent in this case. To the contrary, defendant denied at trial that any sexual activity took place at all. Failure to give a requested instruction is not error if there is no evidentiary foundation for such an instruction, United States v. Jones, 608 F.2d 1004, 1008 (4th Cir.1979), particularly when the testimony of the defendant is inconsistent with the defense asserted by the requested charge. See United States v. Williams, 604 F.2d 277, 281 (4th Cir.1979).
 
 
 18
 We have considered the other assignments of error and are of opinion they are without merit.
 
 The judgment of conviction is accordingly
 
 19
 AFFIRMED.